Newman, J.
The prosecuting attorney of Union county filed an information in the probate court of that county based upon an affidavit filed by one W. B. Mathews, charging the defendant, Harry Bayer, with the violation of Section 13216, General Code, in unlawfully and knowingly shipping and transporting into the village of Marysville intoxicating liquor under a false and fictitious name, to-wit, one paper box containing eight pint bottles of whiskey, said box marked and labeled “glass.” The case was heard in the probate court and the defendant was found guilty and was sentenced to pay a fine of $200 and costs. He prosecuted error to the court of appeals and the judgment of the probate -court was reversed and the defendant discharged for the reason, as shown by the journal entry, that the probate court erred in overruling the motion for a new trial on the ground that the judgment was contrary to law.
Counsel for defendant in error suggest several reasons why the judgment of reversal of the court of appeals should be affirmed. It is insisted if there was any violation of Section 13216, under which the prosecution was had, the offense was committed in Franklin county, Ohio, and the probate court of Union county had no jurisdiction to try the defendant.
The only evidence offered upon the trial of the case in the probate court was that offered' by the state and is contained in the bill of exceptions filed in this court. One M. C. Bump, an employe of W. B. Mathews, a secret-service officer for Union county, purchased from The Golden Hill Distilling *74 Company, at its place of business in the city of Columbus, with money furnished for that purpose by Mathews, a gallon of whiskey, to be shipped to him, tBump, at Marysville, Ohio. Bump paid for the whiskey, to one of the clerks in the employ of the company, the sum of $2, and ordered it shipped in pint bottles, by express, the express charges to be paid by Bump at Marysville. The box containing the whiskey was prepared for shipment in the office of The Golden Hill Distilling Company and turned over by that company to the American Express Company with this designation on the box: “M. C. Bump, Marysville, Ohio, G. H. D. Co., 139 E. Town St., Columbus, Ohio. ‘Glass, handle with care/ ” Upon receipt by the express company, the the agent of that company pasted on the package a carbon copy of the waybill, as follows: “5199, July 18, 1914, Marysville, M. Bump. Liq. 18 G. H. D,” The package was carried to its destination by the express company and upon the order of Bump was delivered to Mathews, who paid the express charges and thereupon took the package to the office of the prosecuting attorney of Union county. There is evidence tending to show that at the time of this transaction Harry Bayer was the president, treasurer, chairman of the board of directors, and manager of The Golden Hill Distilling Company, and was in charge and control of the business. Plaintiff offered in evidence a certified copy of the journal entry of the court of common pleas of Union county, showing the result of the election on local option in that county and that Marysville *75 was in dry territory, which was objected to by the defendant and the same was withdrawn.
Section 13636, General Code, provides that all criminal cases shall be tried in the county where’ the offense was committed. The question for determination is whether the defendant committed an offense in violation of Section 13216 in Union county. In that section it is provided: “No railroad or common carrier, or agent thereof, dray-man or other person, corporation or firm, shall ship, receive, transport, carry or handle intoxicating liquor under a false or fictitious name or title.” It is to be observed that this statute makes it an offense to ship. It makes it an offense to receive. It makes it an offense to transport; also to carry or to handle. The one who transports is the express company or the carrier which carries the goods. It is not claimed that the defendant committed an offense as the transporter of the goods. But it is suggested by counsel for plaintiff in error that the person who ships the intoxicating liquor under a false or fictitious name or title is far more guilty than the man who transports, carries, handles or receives the same, and it is urged that the prosecution may be had anywhere along the line, including the county where it is received. In view of the language used in the statute, it seems .to us ft was not intended that the act of shipment should include the whole movement of the goods from the• time they leave the hands of the consignor until they reach the consignee. The legislature has treated the several acts which go to make up the entire movement separate offenses. *76 The one who ships may be punished, the one who receives may be punished, and likewise the one who transports or carries or handles the goods. The word “ship” should be taken as used in its commercial sense, which is the delivery of goods to a common carrier for transportation, whether by land or water or both. It does not include the subsequent carriage of the goods. Therefore, when the goods in question \yere delivered to the express company in the city of Columbus, the shipment, as contemplated by the statute under consideration, was complete. If any act was committed by the defendant in error as a shipper, in violation of Section 13216, it was committed in Franklin county and the venue should have been laid there.
But it is claimed by counsel that .by the terms of the sale in the instant case the express company was the agent of the defendant. To determine this we are required to examine certain provisions of the uniform sales act passed by the general assembly of this state in 1908 and carried into the General Code, Sections 8381 to 8456, inclusive. This act establishes certain rules of law which apply to contracts to sell and to sales of goods and which must govern any case coming within its provisions. In the first paragraph of Section 8426 it is provided: “When in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the *77 buyer, except as provided for in section eighty-three hundred and ninety-nine, rule 5, unless' a contrary intent appears.” In support of their contention counsel rely upon this rule 5 of Section 8399, which is a limitation upon the provisions contained in Section 8426. It reads as follows: “If a contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon.” The contract between The Golden Hill Distilling Company and Bump did not require the former to deliver the goods to the latter, or at a particular place, nor did it require the seller to pay the freight or cost of transportation, and the rule therefore does not apply.
We are of the opinion that the transaction in question comes clearly within the provisions of Section 8426, which we have quoted. The Golden Hill Distilling Company was authorized to send or ship the goods to Bump by express. The express company was the agent of Bump and delivery to it was, in legal contemplation, a delivery to him. Nothing further remained to be done on the part of the seller. It had no control or dominion over the goods. The right of stoppage in transitu did not exist, for the goods had been paid for. Counsel quote paragraphs two and three of Section 8426. These impose upon the seller the duty of providing for the safe carriage of the goods .and fix the liability in the event the goods are lost or damaged *78 in the course of transit, etc., and also provide for insurance under certain conditions. These provisions, as we view them, are wholly inapplicable to the case under consideration. Counsel cite Section 6098, which is as follows: “Sales of intoxicating liquor to be paid for on delivery, commonly called C. O. D. shipments, shall be held to be made at the place of destination, or where the money is paid or the goods delivered.” This section is not in point, for the shipment in question was not a C. O. D. shipment.
We conclude then that the transaction, so far as the defendant was concerned either as a shipper or as a seller of the goods, began and ended in Franklin county, and the venue was. improperly laid in Union county.
In view of our holding on the question of venue it becomes unnecessary to consider the' other grounds suggested by counsel in support of the judgment of the court' of appeals.

Judgment affirmed.

Nichols, C. J., Johnson, Donai-iue, Wanamaker, Jones and Matthias, JJ., concur.